IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| APRIL SUMMERS GOLATT, | : | |
| | : | |
| Plaintiff, | : | Civil Action Number: |
| | : | |
| vs. | : | |
| | : | Jury Trial Demanded |
| PAWNMART, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## COMPLAINT

Plaintiff April Summers Golatt ("Golatt"), by and through undersigned counsel and pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendant Pawnmart, Inc. ("Pawnmart") and shows the Court as follows:

### Introduction

1.

Golatt brings this action under the Fair Labor Standards Act of 1938 (as amended) (29 U.S.C. § 201 et.seq.), (hereinafter "the FLSA").

## Jurisdiction and Venue

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Pawnmart is located and does business within this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Golatt resides in Clayton County, Georgia.

5.

Pawnmart employed Golatt as a Title Pawn Coordinator in and around Decatur, Georgia from November 23, 2011 until November 2013.

6.

Cash America acquired Pawnmart in or about November 2013.

7.

At all times material hereto, Golatt has been an "employee" of Pawnmart as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

8.

Pawnmart is a corporation organized under the laws of the State of Nevada.

9.

Pawnmart is subject to the personal jurisdiction of this Court.

10.

Pawnmart may be served with process through its registered agent National Corporate Research, Ltd., 900 Old Roswell Lakes Parkway, Suite 310, Roswell, Georgia 30076.

11.

At all times material hereto, Pawnmart has been an "employer" of Golatt as defined in FLSA § 3(d), 29 U.S.C. §203(d).

## FACTUAL ALLEGATIONS

12.

From in or about March 2012 through February 2013 ("the relevant time period"), Golatt has been "engaged in commerce" as an employee of Pawnmart as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

13.

From in or about March 2012 through February 2013, Pawnmart was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

14.

During 2012, Pawnmart had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

15.

During 2013, Pawnmart had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2012, Pawnmart had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

17.

During 2013, Pawnmart had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2012, Pawnmart had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

19.

During 2013, Pawnmart had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

At all times material hereto, Pawnmart has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

21.

At all times material hereto, Pawnmart, Golatt was not exempt from the maximum hour requirements of the FLSA by reason of any exemption.

22.

At all times material hereto, Pawnmart did not employ Golatt in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

23.

At all times material hereto, Pawnmart did not employ Golatt in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

24.

At all times material hereto, Pawnmart did not employ Golatt in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

25.

At all times material hereto, Pawnmart did not employ Golatt in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

26.

During the relevant time period, Golatt did not exercise discretion in making significant business decisions.

27.

During the relevant time period, Golatt's primary duty was assisting Pawnmart's customers.

28.

During the relevant time period, Golatt often skipped her lunch period or did not take a full lunch break with the knowledge of Defendant.

29.

During the relevant time period, Golatt's pay was based on a 48 hour work week.

30.

In or about March 2013, Pawnmart reclassified Golatt's position as non-exempt.

31.

In or about March 2013, Pawnmart began compensating Golatt on an hourly basis.

32.

Golatt's job title did not change after Pawnmart reclassified her position as non-exempt.

33.

Golatt's job duties did not change materially after Pawnmart reclassified her position as non-exempt.

34.

At all times material to the claims herein Golatt's primary duty was to greet and assist its customers during the pawn process and greet and assist other customers who shopped at the store.

35.

At all times material to the claims herein Golatt had no discretion to make significant business decisions on behalf of Pawnmart.

36.

At all times material to the claims herein Golatt's primary duty did not qualify her as exempt from the maximum hour standards of the FLSA.

37.

From November 23, 2011 through February 2013, Pawnmart misclassified Golatt as an exempt employee.

38.

At all times relevant from March 2012 through February 2013, Pawnmart misclassified Golatt as an exempt employee.

39.

During the relevant time period, Pawnmart failed to pay Golatt at time and one half her regular rate of pay for work she performed in excess of forty (40) hours in each work week.

## Count I — Failure to Pay Overtime

40.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

41.

At all times material hereto, Golatt has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

42.

During the relevant time period, Golatt regularly worked in excess of forty (40) hours each work week.

43.

Pawnmart failed to pay Golatt at one and one half times her regular rate for work in excess of forty (40) hours in any week from March 2012 through February 2013.

44.

Pawnmart willfully failed to pay Golatt at one and one half times her regular rate for work in excess of forty (40) hours in any week from March 2012 through February 2013.

45.

Golatt is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

46.

As a result of the underpayment of overtime compensation as alleged above, Golatt is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

47.

As a result of the underpayment of overtime compensation as alleged above, Golatt is entitled to her litigation costs, including her reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Golatt respectfully prays:

1. That Golatt's claims be tried before a jury;

2. That Golatt be awarded an amount to be determined at trial against Defendant in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Golatt be awarded costs of litigation, including her reasonable attorneys' fees from Defendant; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*DELONG CALDWELL BRIDGERS & FITZPATRICK, LLC*

| | |
|---|---|
| 3100 CENTENNIAL TOWER | /S/ *MICHAEL A. CALDWELL* |
| 101 MARIETTA STREET | MICHAEL A. CALDWELL |
| ATLANTA, GEORGIA 30303 | GA. BAR NO. 102775 |
| (404) 979-3171 | |
| (404) 979-3170 (f) | /S/*CHARLES R. BRIDGERS* |
| michaelcaldwell@dcbflegal.com | CHARLES R. BRIDGERS |
| charlesbridgers@dcbflegal.com | GA. BAR NO. 080791 |

COUNSEL FOR GOLATT