# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("AGREEMENT") is entered into by and between April Summers Golatt ("Plaintiff" or "Golatt") and PawnMart, Inc. ("PawnMart" or "Defendant"). Golatt and PawnMart may hereinafter be referred to as a "Party" or, collectively, the "Parties."

## RECITALS

This AGREEMENT is made considering the following facts:

A. **WHEREAS**, Golatt is a Plaintiff in the lawsuit filed against PawnMart that is currently pending in the United States District Court for the Northern District of Georgia and styled as *April Summers Golatt v. PawnMart, Inc.*, Case No. 1:15-cv-00752-SCJ (the "Lawsuit"), alleging that she was not properly compensated for all hours worked pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et. seq.*; and,

B. **WHEREAS**, PawnMart denies the validity of the claims asserted against it in the Lawsuit; and,

C. **WHEREAS**, Golatt in no way concedes as to the merits of the claims and allegations asserted by her in the Lawsuit; and,

D. **WHEREAS**, the Parties and their counsel, having conducted a detailed factual investigation of the claims and defenses asserted in the Lawsuit, have determined that a compromise, settlement and dismissal of the instant action, with prejudice, will best serve the interests of all concerned; and,

E. **WHEREAS**, the Parties and their counsel have also concluded that the terms of this AGREEMENT are fair, reasonable, adequate and in the Parties' mutual best interests; and,

F. **WHEREAS**, PawnMart is willing to provide Plaintiff with certain consideration described below, which it is not ordinarily required to provide, provided the Lawsuit is dismissed with prejudice, and Plaintiff releases PawnMart from any claims she has made or might make as set forth in Paragraph 4 of this AGREEMENT.

**NOW THEREFORE**, in consideration of the mutual covenants and promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged by the Parties, the Parties agree to be legally bound by the following terms and conditions, which constitute full settlement of any and all disputes between them:

1. **Recitals:** The Parties acknowledge that the "WHEREAS" clauses preceding Paragraph 1 are true and correct, and are incorporated herein as material parts to this AGREEMENT.

1

2. **Settlement Sum:** As consideration for signing this AGREEMENT and compliance with the promises made herein, PawnMart agrees to pay Plaintiff a total of SEVEN THOUSAND FIVE HUNDRED THIRTY-TWO DOLLARS AND 46/100 CENTS ($7,532.46) as follows:

   A. $1,016.23 shall be made payable as gross back wages to Golatt, from which taxes will be withheld and for which a W-2 shall be issued;

   B. $1,016.23 shall be made payable as liquidated damages to Golatt, for which a 1099 shall be issued indicated as box "three" other income;

   C. $5,500.00 shall be made payable as attorney's fees and costs to Golatt's legal counsel Michael A. Caldwell, Attorney for which counsel will provide a W-9 and an IRS Form 1099 shall be issued indicated as box "three" other income;;

   D. PawnMart shall provide the consideration identified in this Paragraph 2 after the Court has issued an Order dismissing with prejudice the claims asserted against PawnMart in the matter of, *April Summers Golatt v. PawnMart, Inc.*, Case No. 1:15-cv-00752-SCJ, currently pending in the United States District Court for the Northern District of Georgia. The proposed Order to the Court shall request that the Court retain jurisdiction over the matter until such payment is made. In any action to enforce this Agreement, the prevailing party shall be entitled to reasonable attorney fees and costs.

   E. The payments shall be delivered to Golatt's legal counsel at the office address identified in Paragraph 19 below no later than 20 days after the Effective Date of this AGREEMENT (the "Effective Date" defined as the first day after the Court has issued an order dismissing the claims).

3. **Consideration:** The Parties understand and agree that they would not receive the monies and/or benefits specified in this AGREEMENT but for their execution of this AGREEMENT and the fulfillment of the promises contained herein.

4. **Release of Claims:**

   A. In exchange for, and in consideration of, the payments, benefits, and other commitments described above, Plaintiff agrees to the dismissal with prejudice of the Lawsuit filed against PawnMart (and any other claims or assertions of liability that may exist). In addition, Plaintiff, for herself and for each of her heirs, executors, administrators, and assigns, hereby fully releases, acquits, and forever discharges PawnMart and any of its present or former officers, directors, subsidiaries, parents, controlled or controlling entities, affiliates, and partners, and their employees, agents, attorneys, accountants, executors, administrators, personal representatives, heirs, successors and assigns, and all persons acting by, though, under, or in concert with any of them (hereinafter referred to as the "Releasees") from

2

any and all claims, liabilities, causes of action, demands to any rights, damages, costs, attorneys' fees, expenses, and compensation whatsoever, of whatever kind or nature, in law, equity or otherwise, whether known or unknown, vested or contingent, suspected or unsuspected, that Plaintiff may now have, has ever had, or hereafter may have relating directly or indirectly to Plaintiff's employment by PawnMart described herein as:

1. Including, but not limited to, the allegations in the Lawsuit;

2. including, but not limited to, any and all claims she may have that arose prior to the date of this AGREEMENT; and

3. including specifically, but not limited to, those arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et. seq.; any state or local law regulating hours of work, wages, the payment of wages, and/or the payment of overtime compensation, and/or retaliation; the Employment Retirement Income Security Act of 1974 ("ERISA"); Title VII of the Civil Rights Act of 1964, as amended; the Civil Rights Act of 1991; the Equal Pay Act; the Americans With Disabilities Act of 1990; the Rehabilitation Act of 1973, as amended; Sections 1981 through 1988 of Title 42 of the United States Code, as amended; the Immigration Reform and Control Act, the Worker Adjustment and Retraining Notification Act, the Fair Credit Reporting Act, and any and all other federal, state or local statutes, ordinances, or regulations, as well as all claims arising under federal, state, or local law involving any tort, contract (express or implied), public policy, discrimination, retaliation, or any other claim, including claims for rescission of contract, unjust enrichment, or quantum meruit.

B. Plaintiff represents and agrees that, with the exception of the Lawsuit, she has not filed or raised any charges, complaints, claims, lawsuits, grievance or actions against any of the Releasees with any federal, state, or local court, agency. Plaintiff agrees that, except to the extent such right may not be waived by law, she will not commence any legal action or lawsuit or otherwise assert any legal claim seeking relief for any claim released or waived by this Agreement. While this provision does not prevent or prohibit Plaintiff from filing any administrative complaint or charge against the Releasees with any federal, state, or local agency, Plaintiff understands that by signing this Agreement, she will have no right to recover monetary damages or obtain individual relief of any kind in such proceeding with respect to claims released or waived by this Agreement. Plaintiff also forgoes any and all rights to participate in a class or collective action against the Releasees alleging violations of any of the above laws and further covenants and agrees not to accept, recover or receive any back pay, liquidated damages, other damages or any form of relief based upon any claims asserted or settled in the Lawsuit that may arise out of, or in

3

connection with, any other individual, class or administrative remedies pursued by any state or local governmental agency against the Releasees. Plaintiff further acknowledges and agrees that she will not bring any action or participate in any action against the Releasees concerning any claims that are the subject of this release.

C. This AGREEMENT shall not apply to rights or claims that may arise after the Effective Date of this AGREEMENT; nor shall any provision of this AGREEMENT be interpreted to waive, release, or extinguish any rights that – by express and unequivocal terms of law – may not under any circumstances be waived, released, or extinguished.

5. **Tax Liability:** Plaintiff understands that PawnMart shall issue an IRS Form 1099 for the payments designated as attorney's fees and liquidated damages specified in Paragraph 2 of this AGREEMENT. In paying the amount specified in Paragraph 2, PawnMart makes no representation regarding the tax consequences or liability arising from said payments. Plaintiff understands and agrees that any and all tax liability that may be due or become due because of the payments referenced **above** is her sole responsibility, and that she will pay any such taxes that may be due or become due. PawnMart has no monetary liability or obligation regarding payment whatsoever (other than delivering valid checks in the sums referenced in Paragraph 2 of the AGREEMENT). Plaintiff agrees to bear all tax consequences, if any, attendant upon the payment to her of the above-recited sums. Plaintiff further agrees to hold PawnMart harmless from and against any tax or tax withholding claims, amounts, interest, penalties, fines or assessments brought or sought by any taxing authority or governmental agency with regard to the above recited sums.

6. **Affirmations:** Plaintiff represents and affirms that, other than the Lawsuit referenced herein, she has **no** suits, claims, charges, complaints or demands of any kind whatsoever currently pending against PawnMart with any local, state, or federal court or any governmental, administrative, investigative, civil rights or other agency or board. Plaintiff further represents and affirms as a material term of this AGREEMENT that she has been paid and/or received all compensation and/or benefits to which she may be entitled from PawnMart due to work she performed for PawnMart and that no compensation and/or benefits from PawnMart due to work she performed for PawnMart are due her, except as provided for in this AGREEMENT.

7. **No Assignment:** The Parties represent and warrant that no person other than the signatories hereto had or has any interest in the matters referred to in this AGREEMENT, that the Parties have the sole right and exclusive authority to execute this AGREEMENT, and that the Parties have not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand or legal right that is the subject of this AGREEMENT.

4

8. **Court Approval:** If the Court declines to approve the AGREEMENT, or a Court of Appeal reverses the entry of any approval order, the Parties agree to work cooperatively and in good faith in an attempt to address and resolve any concerns identified by the Court or a Court of Appeal in declining to approve the AGREEMENT in the form submitted by the Parties.

9. **Effect of Termination:** In the event that this AGREEMENT is canceled, rescinded, terminated, voided, or nullified, however that may occur, or the settlement of the Lawsuit is barred by operation of law, is invalidated, is not approved or otherwise is ordered not to be carried out by any Court:

   A. The AGREEMENT shall have no force or effect, and no Party shall be bound by any of its terms with respect to the terminating Party;

   B. PawnMart shall have no obligation to make any payments to Plaintiff.

   C. This AGREEMENT and all negotiations, statements and proceedings relating thereto shall be without prejudice to the rights of any of the Parties all of whom shall be restored to their respective positions in the Lawsuit prior to the settlement; and,

   D. Neither this AGREEMENT, nor any ancillary documents, actions, statements or filings in furtherance of settlement (including all matters associated with the mediation) shall be admissible or offered into evidence in the Lawsuit or any other action for any purpose whatsoever.

10. **Governing Law and Jurisdiction:** This AGREEMENT shall be governed and conformed in accordance with the laws of the State of Georgia.

11. **No Admission of Liability:** The Parties agree that neither this AGREEMENT nor the furnishing of the consideration for this AGREEMENT shall be deemed or construed at any time for any purpose as an admission by either of the Parties of any liability or unlawful conduct of any kind.

12. **Headings:** The headings of the provisions herein are intended for convenient reference only, and the same shall not be, nor be deemed to be, interpretative of the contents of such provision.

13. **Modification of Agreement:** This AGREEMENT may not be amended, revoked, changed, or modified in any way, except in writing executed by all Parties. Plaintiff agrees not to make any claim at any time or place that this AGREEMENT has been verbally modified in any respect whatsoever. No waiver of any provision of this AGREEMENT will be valid unless it is in writing and signed by the Party against whom such waiver is charged.

14. **Interpretation:** The language of all parts of this AGREEMENT shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This AGREEMENT has been negotiated by and between

attorneys for the Parties and shall not be construed against the "drafter" of the AGREEMENT. If any portion or provision of this AGREEMENT (including, without implication of limitation, any portion or provision of any section of this AGREEMENT) is determined to be illegal, invalid, or unenforceable by any court of competent jurisdiction and cannot be modified to be legal, valid, or enforceable, the remainder of this AGREEMENT shall not be affected by such determination and shall be valid and enforceable to the fullest extent permitted by law, and said illegal, invalid, or unenforceable portion or provision shall be deemed not to be a part of this AGREEMENT.

To the extent that any general release or dismissal in this AGREEMENT is deemed to be illegal, invalid, or unenforceable, Plaintiff agrees to execute a valid full and final release of equal scope, covering any and all claims in favor of PawnMart in exchange for the payments set forth in Paragraph 3 of this AGREEMENT in the event such payments have not already been made, to effectuate a dismissal with prejudice of the Lawsuit filed against PawnMart.

15. **Binding Nature of Agreement:** This AGREEMENT shall be binding upon each of the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of each Party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

16. **Entire Agreement:** This AGREEMENT sets forth the entire AGREEMENT between the Parties hereto, and fully supersedes any prior obligation of PawnMart to Plaintiff. Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this AGREEMENT, except for those set forth in this AGREEMENT.

17. **Notice Requirements:** Each notice ("Notice") provided for under this AGREEMENT, must comply with the requirements as set forth in this Paragraph. Each Notice shall be in writing and sent by facsimile or depositing it with a nationally recognized overnight courier service that obtains receipts (such as Federal Express or UPS Next Day Air), addressed to the appropriate Party (and marked to a particular individual's attention, if so indicated) as hereinafter provided. Each Notice shall be effective upon being so telecopied or deposited, but the time period in which a response to any notice must be given or any action taken with respect thereto shall commence to run from the date of receipt of the Notice by the addressee thereof, as evidenced by the return receipt. Rejection or other refusal by the addressee to accept or the inability to deliver because of a changed address of which no Notice was given shall be deemed to be the receipt of the Notice sent. Any Party shall have the right from time to time to change the address or individual's attention to which notices to it shall be sent by giving to the other Party at least ten (10) days prior Notice thereof. The Parties' addresses for providing Notices hereunder shall be as follows:

PawnMart, Inc.
c/o Cameron S. Pierce
Littler Mendelson, P.C.
3344 Peachtree Road, N.E.
Suite 1500
Atlanta, Georgia 30326

Michael Caldwell
DeLong, Caldwell, Bridgers &Fitzpatrick, LLC
101 Marietta Street
Suite 3100
Atlanta, GA 30303

18. **Selective Enforcement:** The Parties agree that the failure of any Party to enforce or exercise any right, condition, term, or provision of this AGREEMENT shall not be construed as or deemed a relinquishment or waiver thereof, and the same shall continue in full force and effect.

19. **Counterparts:** This Agreement may be executed in separate counterparts, each of which shall constitute an original. Facsimile or electronic signatures shall be treated as originals.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 2 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE, AND RELEASE ALL CLAIMS SHE HAS OR MIGHT HAVE AGAINST PAWNMART.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this AGREEMENT as of the date set forth below:

Dated: 10 26 2015          By: _____, CFO
                                PawnMart, Inc.

Dated: 10/22/2015          By: _____
                                April Summers Golatt

Firmwide:136238855.1 083263.1000